PROBER & RAPHAEL, A LAW CORPORATION
DEAN R. PROBER, ESQUIRE, #106207
LEE S. RAPHAEL, ESQUIRE #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
MELISSA VERMILLION, ESQUIRE #241354
JOSEPH GARIBYAN, ESQUIRE #271833
BONNI S. MANTOVANI, ESQUIRE #106353
JEANNETTE R. MARSALA, ESQUIRE #253125
NINA Z. JAVAN, ESQUIRE #271392
 20750 Ventura Boulevard, Suite 100
Woodland Hills, California 91364
(818) 227-0100
(818) 227-0101 facsimile
cmartin@pralc.com
R.079-1252

Attorneys for Objecting Secured Creditor Real Time Resolutions Inc. as Agent for The Bank of New York Mellon FKA The Bank Of New York, as Successor To JPMorgan Chase Bank, N.A., As Trustee For The Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2005-1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bk. No. 2:14-bk-10522-VZ |
| | ) |
| KATHERINE ESCALANTE CLARK, | ) Chapter 13 |
|      Debtor. | ) |
| | ) OPPOSITION TO DEBTOR'S MOTION |
| | ) TO VALUE COLLATERAL |
| | ) |
| | ) Confirmation Hearing: |
| | ) Date : June 16, 2014 |
| | ) Time : 9:00 A.M. |
| | ) Place: U.S. Bankruptcy Court |
| | )        255 East Temple St. |
| | )        Los Angeles, CA |
| | )        Courtroom 1368 |
| | ) |

Real Time Resolutions Inc. as Agent for The Bank of New York Mellon FKA The Bank Of New York, as successor to JPMorgan Chase Bank, N.A., as Trustee for The Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2005-1, its assignees and/or successors in interest, secured creditor in the above-entitled Bankruptcy proceeding, holds

1

a junior lien on the real property described as **714 South California Avenue, West Covina, California 91790**, hereby submits the following Opposition to Debtor's Motion to Value Collateral (the "Motion to Value"):

### I. STATEMENT OF FACTS

Secured Creditor is the current payee of a Home Equity Credit Line Agreement And Disclosure Statement dated November 4, 2005 for a original maximum credit limit of $100,000.00 ("Note") secured by a junior Deed of Trust ("Junior Deed of Trust") upon real property located at **714 South California Avenue, West Covina, California 91790** and legally described as set forth in the Deed of Trust ("Subject Property").

Debtor Katherine Escalante Clark ("Debtor") filed a voluntary petition for rehabilitation under Chapter 13 of the Bankruptcy Code on or about January 10, 2014. On the Voluntary Petition, Debtor admitted that the Subject Property is her principal place of residence.

Debtor filed the instant Motion to Value on February 20, 2014, alleging that the Subject Property should be valued at $425,000. Debtor further alleges that the senior lien is $458,909.11, and, therefore, Secured Creditor's lien is wholly unsecured and subject to avoidance pursuant to Section 506 of the Bankruptcy Code.

### II. SECURED CREDITOR REQUESTS ADDITIONAL TIME TO OBTAIN AN APPRAISAL OF THE SUBJECT PROPERTY

Secured Creditor alleges that the Subject Property may be worth more than the amount alleged in the Motion to Value. Secured Creditor bases this belief upon an Broker's Price Opinion ("BPO"), which reflects a value for the Subject Property in the amount of $490,000.00. A true and correct copy of the BPO is attached hereto as **Exhibit "1".**

Because of the short time from when Secured Creditor received notice of the Motion To Value and when this opposition is due, Secured Creditor was unable to obtain an appraisal of the Subject Property in time to include an appraisal with this opposition. Secured Creditor is in the process of obtaining an expert appraisal of the Subject Property, including an interior inspection of the Subject Property which requires Debtors' cooperation, to contest the

Motion To Value, and intends supplement this opposition accordingly once the appraisal is received. Accordingly, the Secured Creditor requests additional time if necessary to supplement its opposition to the Motion to Value.

### III.     VALUE OF THE SUBJECT PROPERTY IS DETERMINED AS OF THE CONFIRMATION DATE

Section 506(a) states "An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...*Such value shall be determined in light of the purpose of the valuation* and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or *on a plan affecting such creditor's interest*." [11 U.S.C. §506(a)(emphasis added)]

As any valuation order pursuant to Section 506 to have a wholly unsecured junior lien deemed unsecured is for plan confirmation purposes (as the lien would remain against the property until the debtor received a discharge), the value should be determined as the confirmation date. Further, the Chapter 13 Plan is effective upon confirmation.

Therefore, the valuation should be determined as of the confirmation date, or as close as possible thereto.

### IV.     CONCLUSION

Based on the foregoing facts and applicable law, Secured Creditor respectfully requests:

1. That the Motion To Value be denied;
2. That an evidentiary hearing be set regarding the value of the Subject Property;
3. For such other relief as this Court deems appropriate.

Dated: March 12, 2014                               Prober & Raphael, A Law Corporation

                                                    By /s/ Jeannette Marsala
                                                    Jeannette R. Marsala, Esquire #253125
                                                    Attorneys for Secured Creditor

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Prober & Raphael, A Law Corporation, 20750 Ventura Boulevard, Suite 100, Woodland Hills, CA 91364

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/6/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

TRUSTEE: Nancy K Curry (TR) ecfnc@trustee13.com
INTERESTED PARTY: Gina J Kim gjkim@piteduncan.com, ecfcacb@piteduncan.com
INTERESTED PARTY: Dhruv M Sharma ecfcacb@piteduncan.com
DEBTOR'S ATTORNEY: Tyson Takeuchi tyson@tysonfirm.com, tyson@ecf.inforuptcy.com
INTERESTED PARTY: United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 3/13/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/13/2014 | Tina Gaboyan | /s/ Tina Gaboyan |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**2:  SERVED BY U.S. MAIL**

Honorable Vincent P. Zurzolo
U.S Bankruptcy Court
Edward R. Roybal Federal Bldg & Court House
255 E Temple St, Ste 1360
Los Angeles, CA 90012
Judge's Copy

Katherine Escalante Clark
714 S California Ave
West Covina, CA 91790-3606
Debtor

Tyson Takeuchi
Law Offices of Tyson Takeuchi
1100 Wilshire Blvd Ste 2606
Los Angeles, CA 90017
Debtor's Attorney

Trustee
Nancy K Curry (TR)
700 S Flower Street, Suite 1215
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**